Darren Neilson, USB #15005
Jonathan H. Love, USB #14249
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
DNeilson@parsonsbehle.com
JLove@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff Black Oak Capital BOCA, LLC, a Utah limited liability company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Black Oak Capital BOCA, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Evans, LLC, a New York limited liability company; Evan Fript, an individual; and DOES 1- 5.<br><br>Defendant. | **COMPLAINT**<br><br>**(JURY DEMAND)**<br><br>Case No. CaseNumber<br><br>Magistrate Judge MagistrateJudgeName |

Black Oak Capital BOCA, LLC, a Utah limited liability company ("**Plaintiff**" or "**BOCA**"), complains against Paul Evans, LLC, a New York limited liability company ("**Paul Evans**") and Even Fript, an individual (together with Paul Evans, the "**Defendants**") as follows:

## NATURE OF ACTION

1. This action arises out of Defendants' breach of contract, related Utah law claims, and Defendants' infringement of Plaintiff's federally registered PAUL EVANS trademarks.

2.  Defendants and bocm3-Paul Evans-Senior Debt, LLC (the "**Lender**") entered into a Senior Credit Agreement dated as of December 21, 2017, wherein Lender lent Defendants $3,250,000 (the "**Credit Agreement**"). Defendants also entered into the followed agreements: (1) a Security Agreement, dated as of December 21, 2017, as amended from time to time (the "**Security Agreement**"), wherein Defendants pledged all of their assets to Lender as Collateral securing amounts advanced under the Credit Agreement; (2) a Trademark Security Agreement, dated as of December 21, 2017, as amended from time to time (the "**Trademark Agreement**"), wherein Defendants pledged all rights in intellectual property, including Defendant's trademarks, as additional Collateral securing amounts advanced under the Credit Agreement; and (3) a Pledge Agreement, dated as of December 21, 2017, as amended from time to time (the "**Pledge Agreement**"), wherein Mr. Fript granted a continuing security interest in all his stock and other Securities in Paul Evans to Lender as additional Collateral securing amounts advanced under the Credit Agreement (collectively with the Credit Agreement, the "**Loan Documents**").

3.  In or around April 2021, Defendants defaulted on the Loan Documents.

4.  Lender foreclosed on all assets of Paul Evans, including all trademarks owned by Paul Evans under New York Code Annotated § 9-610, e*t. seq.*, or other applicable Uniform Commercial Code.  Defendants voluntarily surrendered all assets of Paul Evans to Lender, including a Trademark Assignment assigning Paul Evans' federally registered trademark to Lender.

5.  Despite Lender's foreclosure and ownership of all of Defendants' assets, including all trademarks, Defendants have continued to operate their business and continue to use, without permission, the PAUL EVANS trademarks.  Defendants have breached the Loan Documents and

the Trademark Assignment. Plaintiff seeks injunctive relief, compensatory damages, treble damages, and its costs and fees in bringing this action.

## **PARTIES**

6.  Plaintiff is a Utah limited liability company and the successor in interest to Lender.

7.  Paul Evans, LLC, is a New York limited liability company.

8.  Evan Fript is an individual and based on information and belief, currently resides in Miami Dade County, Florida.

9.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 5 are unknown to Plaintiff, who therefore sues these defendants by such fictious names. Plaintiff further alleges that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiff will amend this complaint to show these defendants' true names and capacities when the same are ascertained, as well as the manner in which each fictitious defendant is responsible.

## **JURISDICITOIN, AND VENUE**

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, because this lawsuit involves claims brought under the federal trademark laws, including 15 U.S.C. §§ 1114 and 1125.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount at issue exceeds $75,000.

12. The Court has personal jurisdiction over Paul Evans and Mr. Fript because Paul Evans and Mr. Fript consented to jurisdiction of the state and federal courts located in the County of Salt Lake, State of Utah, in the Senior Credit Agreement executed by the parties.

13. Furthermore, this Court has personal jurisdiction over Paul Evans and Mr. Fript because Paul Evans and Mr. Fript under Utah Code 78B-3-205 on the grounds that Defendants transacted business in the state of Utah through both its interactions with Plaintiff as well as its marketing and selling of its products within the state of Utah.

14. Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

15. Paul Evans is an online retailer best known for its collection of luxury Italian footwear sold through its website www.paulevansny.com (the "**Online Retail Store**").

16. On or about December 21, 2017, Lender and Defendants executed the Loan Documents.

17. In or around April 2021, Defendants defaulted on the Loan Documents.

18. On August 25, 2021, at 11:00 a.m. PST, Lender conducted a virtual sale and disposition of collateral (the "**Foreclosure Sale**") of the Collateral securing the Credit Agreement as set forth in the Security Agreement.

19. Included in the Foreclosure Sale were all of Paul Evans' accounts; inventory; equipment; and general intangibles, including but not limited to, patents, trademarks, trade names, service marks, and copyrights.

20. Defendants were notified of the Foreclosure Sale.

21. The Foreclosure Sale was noticed on the DailyDAC, a weekly publisher of distressed asset sales, as well as the New York Times.

22. In conjunction with the Foreclosure Sale, on or about August 25, 2021, Defendants executed a Voluntary Surrender Agreement which, in part, authorized Lender, or any subsequent purchaser to take possession of the Collateral.

23. As set forth in the Voluntary Surrender Agreement, Defendants agreed to remain liable for the obligations under the terms of the Loan Documents.

24. Defendants also executed a Trademark Assignment wherein Defendants assigned to Lender all rights in the PAUL EVANS trademarks and all goodwill of the business associated therewith (the "**Trademark Assignment**").

25. Lender was the winning bidder at the Foreclosure Sale and on August 25, 2021, Lender received a Secured Party Bill of Sale transferring all assets of Paul Evans to Lender.

26. On or about October 11, 2022, Paul Evans Holdings, LLC, a wholly owned subsidiary of the Lender, registered the following PAUL EVANS trademark with the United States Patent and Trademark Office:

*Paul Evans*

27. On or about November 23, 2022, Plaintiff purchased from Lender all assets obtained by Lender at the Foreclosure Sale and subject to the Voluntary Surrender Agreement and Trademark Assignment.

28. Defendants were initially cooperative with Lender after the foreclosure. Defendants and Lender entered into a verbal agreement whereby Mr. Fript would continue to run

the Online Retail Store for Lender's benefit. Mr. Fript met with Lender in Miami on multiple occasions to discuss the continued operation of the Online Retail Store. Mr. Fript also provided Lender with regular financial reports of the Online Retail Store.

29. In or around August of 2022, Mr. Fript cut off all communication with Lender. Lender and Plaintiff have been unable to connect with Mr. Fript despite multiple attempts to do so. Plaintiff is informed and believes that Mr. Fript relocated to Cuba for a period, thus making contact increasingly difficult.

30. Despite the Voluntary Surrender Agreement, Trademark Assignment, the Foreclosure Sale, and Lender and Plaintiff's attempts to work with Defendants over this matter, Defendants continue to operate the Online Retail Store without Plaintiff's approval, which includes the continued unauthorized use of the PAUL EVANS trademarks held by Plaintiff.

## FIRST CAUSE OF ACTION
### Breach of Contract

31. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

32. Each of the Loan Documents and the Trademark Assignment are a valid and binding contract.

33. Plaintiff has performed all of its obligations under the Loan Documents and Trademark Assignment.

34. Defendants have breached the Voluntary Surrender Agreement, Loan Documents, and Trademark Assignment and continue to breach the same through the continued unauthorized use of the PAUL EVANS trademark.

35. As a direct and proximate result of Defendants' breach, Plaintiff has suffered, and will continue to suffer damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Declaratory Relief

36. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

37. Plaintiff has exercised its right to foreclose on the assets of Paul Evans thorough the properly noticed and executed foreclosure auction under New York Code Annotated § 9-610, e*t. Seq*.

38. Through the Foreclosure Sale Plaintiff purchased, through a credit bid, all assets of Paul Evans including all intangible goods such as the PAUL EVANS trademarks and the rights to the Online Retail Store.

39. Furthermore, Defendants voluntarily surrendered their collateral including all trademarks through the Voluntary Surrender Agreement and the Trademark Assignment.

40. Despite Plaintiff's proper exercise of its rights under New York Code Annotated § 9-610, e*t. Seq.*, the Surrender Agreement, and the Trademark Assignment, Defendants continue to operate the Online Retail Store and use the PAUL EVANS trademarks.

41. Plaintiff seeks a judicial declaration that it is the rightful owner of all Paul Evans' assets including but not limited to the Online Retail Store and the PAUL EVANS trademarks.

## THIRD CAUSE OF ACTION
### Fraudulent Misrepresentation and Fraudulent Inducement

42. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

43. Defendants signed the Trademark Assignment and Voluntary Surrender Agreement allowing the Plaintiff to repossess the Paul Evans' assets and the PAUL EVANS trademarks.

44. Despite Defendant's execution of the Trademark Assignment and Voluntary Surrender Agreement, Defendants never intended to allow Plaintiff to access or use the foreclosed assets.

45. Defendants induced Plaintiff to enter into the Trademark Assignment and Voluntary Surrender Agreement.

46. Plaintiff reasonably relied on the promises of the Defendants.

47. As a result of Defendants' fraudulent misrepresentation and fraudulent inducement, Plaintiff has been damaged by Defendants in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### Trademark Infringement – 15 U.S.C. § 1114

48. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

49. Defendants executed the Trademark Assignment assigning the PAUL EVANS mark to Lender. Through the Trademark Assignment, Lender acquired all of the legal advantages of the Paul Evans marks that the assignor enjoyed, including priority of use.

50. Plaintiff purchased from Lender all assets obtained by Lender at the Foreclosure Sale and therefore Plaintiff is the successor in interest in all rights, interest, and title in the PAUL EVANS trademarks and all goodwill of the business associated therewith.

51. Plaintiff's PAUL EVANS marks are valid and subsisting and their registrations are in full force and effect.

52. Defendants continue to use Plaintiff's PAUL EVANS marks in connection with the unauthorized sale and advertisement of luxury Italian footwear through its website www.paulevansny.com.

53. Defendants' unauthorized use of Plaintiffs' registered trademarks has damaged and upon information and belief will continue to damage the value of the marks, cause damages to Plaintiff's business relations, and infringe on Plaintiff's trademarks.

54. As a result, Plaintiff has suffered damages including, but not limited to, trademark infringement and damage to their existing and potential business relations.

55. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of attorneys' fees.

## FIFTH CAUSE OF ACTION
### Common Law Infringement and Unfair Competition

56. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Defendants continued use of the PAUL EVANS marks in derogation of the assignment of all rights in the trademarks and related goodwill to Plaintiffs constitutes trademark infringement.

58. By committing the acts herein alleged, Defendants have unfairly appropriated the PAUL EVANS marks, reputation and goodwill of Plaintiff, and their actions in doing so constitute, among other things, unfair competition, infringement of a registered and common law trademark, infringement of common law trademark, deceptive advertising, unfair trade practices and injury to the reputation of Plaintiff, all in violation of the laws of the State of Utah.

59. The acts of Defendants alleged herein have been intentionally carried out with full knowledge of Plaintiff's PAUL EVANS marks and common law rights. Exemplary or punitive

damages are necessary by reason of Defendants' intentionally tortious conduct, and are necessary to deter future similar conduct.

60. Unless and until preliminarily and permanently enjoined by this Court, the acts of Defendants alleged herein will continue unabated, all to the continuing irreparable injury, damage, and detriment of Plaintiff, for which Plaintiff has no adequate remedy at law.

61. As a further direct and proximate result of Defendants' acts of infringement, Plaintiff has and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available remedies, including preliminary and permanent injunctive relief, disgorgement of Defendants' profits, punitive damages, costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A. Judgment in favor of Plaintiff and against the Defendants, in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Preliminary and permanent injunctions enjoining the Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "**Enjoined Parties**") as follows:

    i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, any services bearing any of Plaintiff's PAUL EVANS trademarks or any other marks confusingly similar thereto;

    ii) Prohibiting the Enjoined Parties from using the name PAUL EVANS or any other marks confusingly similar thereto in connection with any aspect of

      their business operations, including as a business or trade name or in advertising, whether hardcopy or on the Internet;

iii) Requiring the Enjoined Parties to relinquish and turnover to Plaintiff the following URLs and social media usernames:

1. [www.paulevansny.com](www.paulevansny.com)

2. [www.facebook.com/paulevansny](www.facebook.com/paulevansny)

3. [www.instagram.com/paulevansny/](www.instagram.com/paulevansny/)

4. All other URLs or social media usernames or accounts that include the term PAUL EVANS or any other marks confusingly similar thereto.

C. An award of attorneys' fees, costs, and expenses.

D. Such other and further relief as the Court deems just, equitable and proper.

DATED March 18, 2024.

            /s/ Darren Neilson
            Darren Neilson
            Jonathan H. Love
            PARSONS BEHLE & LATIMER

            Attorneys for Plaintiff Black Oak Capital BOCA, LLC, a Utah limited liability company