UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAUL EVANS, LLC, a New York limited liability company; EVAN FRIPT, an individual; and DOES 105,<br><br>Defendants.<br><br>EVAN FRIPT, an individual; and PAUL EVANS, LLC, a New York limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company; GREGORY D. SEARE, an individual; KURT HANSON, an individual; and BOCM3-PAUL EVANS-SENIOR DEBT, LLC, a Utah limited liability company,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [58] PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11**<br><br>Case No. 2:24-cv-00209-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiffs Black Oak Capital BOCA, LLC, a Utah limited liability

company ("BOCA"), Gregory D. Seare ("Mr. Seare"), and bocm3-Paul Evans-Senior Debt,

LLC's ("Lender") (collectively "Plaintiffs") Motion for Sanctions Under Rule 11 against Defendants Paul Evans, LLC, ("Paul Evans") and Evan Fript ("Mr. Fript") (collectively, "Defendants").[1] Plaintiffs move for sanctions against Defendants on the basis that the signing and filing of Defendants' Second Amended Counterclaim ("SAC"),[2] Motion for Leave to File Second Amended Counterclaim ("Motion"),[3] and Opposition to Motion to Dismiss Second Amended Counterclaim ("Opposition")[4] violated Rule 11. For the reasons below, the court grants in part and denies in part the Plaintiffs' motion.

## BACKGROUND[5]

This action commenced when Plaintiffs filed a complaint alleging breach of contract and trademark infringements.[6] Defendants sought and received leave of the court to file an Amended Answer and Counterclaim.[7] The court granted in part and denied in part Plaintiffs' Motion to Dismiss Counterclaim,[8] dismissing the claims for fraudulent inducement, civil conspiracy, and breach of contract as to the lending agreements.[9] Without leave of the court, Defendants filed their Second Amended Counterclaim.[10] In response, Plaintiffs filed a Motion to Dismiss Second Amended Counterclaim, in which they pointed out Defendant's failure to seek leave.[11]

---

[1] Pls.' Mot. for Sanctions Under Rule 11 ("Mot."), ECF No. 58, filed Aug. 1, 2025.
[2] Defs.' Second Am. Countercl. ("Second Am. Countercl."), ECF No. 43, filed Apr. 8, 2025.
[3] Defs.' Mot. for Leave to File Second Am. Countercl., ECF No. 45, filed Apr. 23, 2025.
[4] Defs.' Opp'n to Mot. to Dismiss Second Am. Countercl., ECF No. 40, filed Nov. 15, 2024.
[5] A more complete recitation of this case's background is provided in Mem. Decision and Order Granting In Part and Denying In Part [32] Countercl. Defs.' Mot. to Dismiss ("MTD Order"), ECF No. 42, filed Mar. 25, 2025.
[6] Pls.' Compl., ECF No. 1, filed Mar. 19, 2024.
[7] *See* Docket Text Order, ECF No. 21, filed Sept. 5, 2024; Am. Answer, ECF No. 22, filed Sept. 5, 2024. Defendants' counterclaim includes claims for 3 breach of contract claims for (1) management of assets, (2) contributions towards operations, and (3) lending agreements; a claim for unjust enrichment, fraudulent inducement, voidable transactions, and civil conspiracy. *See* Defs.' Am. Countercl., ECF No. 23, filed Sept. 5, 2024.
[8] Pls.' Mot. to Dismiss Countercl., ECF No. 32, filed Oct. 11, 2024.
[9] Mem. Decision and Order Granting in Part and Denying in Part Countercl. Defs.' Mot. to Dismiss ("MTD Order"), ECF No. 42, filed Mar. 25, 2025.
[10] Am. Countercl., ECF No. 43, filed Apr. 8, 2025.
[11] Pls.' Mot. to Dismiss Second Am. Countercl., ECF No. 44, filed Apr. 22, 2025.

Defendants then filed a Motion for Leave to File Second Amended Counterclaim,[12] Plaintiffs filed their motion in opposition,[13] and Defendants filed their reply in support.

Shortly afterwards, the court entered a docket text order, striking the improperly filed Second Amended Counterclaim but granting leave for Defendants to re-file it.[14] Two months later, Defendants had yet to file the Second Amended Counterclaim and Plaintiffs filed this motion for sanctions under Rule 11.[15]

## STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure governs representations to the court.[16] "Under Rule 11(b), for every pleading, motion or other paper presented to the court, an attorney must certify, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, (1) that he isn't presenting the filing for any improper purpose, (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law, (3) that the factual contentions are warranted on the evidence or will likely have support after further investigation, and (4) that the denials of factual contentions have similar support."[17]

Rule 11 "imposes . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing."[18] We "evaluate [an attorney's] conduct under a standard of 'objective reasonableness—whether a reasonable attorney admitted to practice before the district court

---

[12] Defs.' Mot. for Leave to File Second Am. Countercl., ECF No. 45, filed Apr. 23, 2025.
[13] Pls.' Opp'n to Mot. for Leave to File Second Am. Countercl., ECF No. 46, filed May 7, 2025.
[14] *Docket Text Order*, ECF No. 53, entered Apr. 8, 2025.
[15] *See* Mot.
[16] Fed. R. Civ. P. 11(b).
[17] *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (citing Fed. R. Civ. P. 11(b)).
[18] *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (cleaned up).

would file such a document.'"[19] "'Because our adversary system expects lawyers to zealously represent their clients, the Rule 11 standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable.'"[20]

"The award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction."[21]

The "'central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.'"[22] To this end, courts "employ an objective standard 'intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'"[23] Thus, a "good faith belief in the merit of an argument is not sufficient."[24] Nor can an offending attorney simply "allege that a competent attorney could have made a colorable claim based on the facts and law at issue; the offending attorney must actually present a colorable claim."[25] "The Court is required to apply this 'fact-dependent legal standard' and make specific findings regarding compliance with Rule 11."[26]

## DISCUSSION

Plaintiffs argue that three of Defendants' filings violate Rule 11: the Second Amended Counterclaim, the Opposition to Motion to Dismiss Second Amended Counterclaim, and the

---

[19] *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (quoting *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).
[20] *Wu v. Colo. Reg. Ctr. Project Solaris LLLP*, No. 19-cv-02443, 2021 WL 3549427, at *3 (D. Colo. Aug. 11, 2021) (quoting *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019)).
[21] *Collins*, 916 F.3d at 1319 (internal citations omitted).
[22] *Id.* at 1322 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).
[23] *Id.* at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).
[24] *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990).
[25] *Id.*
[26] *Wu*, 2021 WL 3549427, at *3 (quoting *Cooter & Gell*, 496 U.S. at 402).

Motion for Leave to Amend Second Amended Complaint. In response, Defendants argue the Rule 11 issue is moot and each filing has harmless, unintentional errors that do not warrant Rule 11 sanctions. The court addresses mootness first and then turns to the two-step Rule 11 analysis.

I.    **Mootness**

Defendants argue that the court already applied appropriate sanctions by striking the improperly filed SAC and that the court's order granting leave for Defendants to file another SAC logically implies the court did not find the claims to be defective or improper.[27] This argument fails for two reasons. First, a "court rarely dismisses claims with prejudice, and in fact must 'freely' grant leave to amend 'when justice so requires.'"[28] Moreover, "[l]ack of a just reason to deny amendment does not excuse a party of its Rule 11 obligations."[29] Thus, the court did not obviate any Rule 11 concerns when it granted leave for Defendants to re-file its SAC.

Second, courts routinely impose Rule 11 sanctions even if a case has moved beyond the motion at issue or has closed or been dismissed.[30] The United States Supreme Court has held that a district court "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal."[31] Courts maintain jurisdiction to impose a Rule 11 sanction because "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction

---

[27] Opp'n 2; *see also* ECF Nos. 53, 60.
[28] *Fazzio v. Weber Cnty.*, No. 1:17-cv-132, 2019 WL 3416289, at *5 (D. Utah July 29, 2019) (quoting Fed. R. Civ. P. 15(a)).
[29] *Id.*
[30] *See, e.g.*, *Royal Schnauzers, LLC v. Dukes Royal Schnauzers*, No. 1:20-cv-00170, 2021 WL 2457654, at *2 (D. Utah June 16, 2021) (holding that "a voluntary dismissal does not expunge the Rule 11 violation" (quoting *Cooter & Gell*, 496 U.S. at 398)); *Vashisht-Rota v. Howell Mgmt. Servs.*, 2021 UT App 133, ¶ 11, 503 P.3d 526 ("As the violation of Rule 11 is complete when the paper is filed, a voluntary dismissal does not expunge the Rule 11 violation." (cleaned up)).
[31] *Cooter & Gell*, 496 U.S. at 395.

would be appropriate."[32] Because "Rule 11 is designed to punish a party who has already violated the court's rules," a litigant at risk of Rule 11 sanctions must not be able to evade them by filing a voluntary dismissal.[33] Accordingly, the court may still consider whether Rule 11 violations have occurred on a motion that has already been stricken and impose sanctions if needed. Furthermore, the court sees fit to clarify that Defendants are mistaken in thinking that a court's permission for a party to file a pleading is equivalent to a court's decision on the pleading's merits. It is not.[34] Thus, the court did not put its stamp of approval on the SAC when it gave Defendants permission to re-file it.

For the above reasons, the claims of Rule 11 violations are not moot.

## II. Violations

### A. Second Amended Counterclaim

Plaintiffs argue that by filing the SAC, Defendants violated Rule 11 because they filed it without leave.[35] They also argue that Defendants improperly included claims that the court has already dismissed, that a reasonable inquiry would have revealed are barred by the statute of limitations, and that are unwarranted under the law and facts.[36] In response, Defendants argue that the court already applied appropriate sanctions by striking the improperly filed SAC and that the court's order granting leave for Defendants to file another SAC logically implies the court did not find the claims to be defective or improper.[37]

---

[32] *Id.*
[33] *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992).
[34] *See, e.g., Fazzio*, 2019 WL 3416289, at *5 (explaining that "when a court determines that amendment is not 'futile,' that determination does not mean the court has signed off on the merits of a claim—only that the court is observing Rule 15(a)").
[35] Mot. 2.
[36] *Id.*
[37] Opp'n 2; *see also* ECF Nos. 53, 60.

An appropriate "Rule 11 inquiry [asks] whether a pleading is 'well grounded in fact' and legally tenable."[38] The inquiry occurs under a "standard of 'objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document.'"[39]

It was not objectively unreasonable for Defendants to raise claims already dismissed by the court. Although the court dismissed Defendants' breach of contract of the lending agreements, fraudulent inducement, and civil conspiracy claims, it did so without prejudice.[40] Thus, Defendants' attempt to resurrect them is not precluded by the court's order.[41] Additionally, Plaintiffs even concede that Defendants included "modified facts" to try and salvage their dismissed breach of contract claim.[42] "Claims are not frivolous simply because they were dismissed."[43]

Likewise, Defendants' other claims in the SAC do not violate Rule 11 because they are not "patently frivolous arguments."[44] The RICO and promissory estoppel claims that Defendants added to their SAC may be dismissed at a later point in this litigation on either legal or factual grounds, but they do not warrant Rule 11 sanctions. Accordingly, the court concludes that this pleading does not violate Rule 11.

### B.   Opposition to Motion to Dismiss Second Amended Counterclaim

Plaintiffs argue that Defendants' counsel ("Mr. Crane") violated Rule 11 by filing their Opposition to Motion to Dismiss Second Amended Counterclaim because he included citations

---

[38] *Cooter & Gell*, 496 U.S. at 403 (cleaned up).
[39] *Predator Int'l*, 793 F.3d at 1182 (quoting *Adamson*, 855 F.2d at 673).
[40] ECF No. 42.
[41] Second Am. Countercl. 13, 14, 17.
[42] Mot. 7.
[43] *de la Fuente v. DCI Telecomm., Inc.*, 259 F. Supp. 2d 250, 262 (S.D.N.Y. 2003); *Wu*, 2021 WL 3549427, at *4.
[44] *Collins*, 916 F.3d at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

to nonexistent cases, incorrectly claimed that Rule 15(a)(1)(B) allowed leave to amend, asserted allegedly new facts that did not alter the applicability of the statute of limitations, raised arguments the court had already objected to, and relied on facts for the promissory estoppel claim that were not included in the Second Amended Counterclaim.[45] In response, Defendants argue that the "claims regarding poorly sourced cases" are moot because the SAC was stricken by the court.[46] Because the court concludes that Mr. Crane's use of hallucinated[47] cases violated Rule 11, it need not reach the other possible violations in this pleading.

In the Opposition, Mr. Crane included citations to two hallucinated cases, *Rawson v. Mathews*, 212 P.3d 752, 756–57 (Utah 2009) and *Equilon Enters. v. Ford Motor Co.*, 2010 UT 44, ¶ 37, for support of the equitable tolling claim. Neither case exists.[48] "A fake opinion is not existing law and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."[49] Moreover, an "attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system."[50]

As stated above, "the central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." Efficiency in the courts matters because "[b]aseless filing puts the machinery of justice in motion,

---

[45] Mot. 2.
[46] Opp'n 3.
[47] *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 493 (D. Wyo. Feb. 24, 2025) (explaining that an AI hallucination "occurs when an AI database generates fake sources of information" that appear to be accurate).
[48] Defendants also misquote *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987) by attributing language to it that does not exist in the case. *See* Opp'n to Mot. to Dismiss Second Am. Countercl., 10 n.27, ECF No. 49, filed May 23, 2025.
[49] *Wadsworth*, 348 F.R.D. at 495 (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)) (internal quotation marks omitted).
[50] *Mata*, 678 F. Supp. 3d at 461.

burdening courts and individuals alike with needless expense and delay."[51] "This case is a prime example of the waste and distraction that results when attorneys disregard Rule 11's certifications."[52] "Signing a legal document ensures that the attorney read the document and conducted a reasonable inquiry into the existing law."[53] Accordingly, "using a fake opinion to support an argument is a violation of Rule 11(b)(2).[54] "Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. Judicial resources are diverted from other pressing, legitimate work. And the client may be deprived of arguments based on authentic judicial precedents."[55]

Mr. Crane indicates that the hallucinated cases came from "a colleague's writings."[56] This defense has been rejected by courts across the country.[57] Indeed, "every attorney has an ongoing duty to review and ensure the accuracy of their court filings."[58] This duty, according to the Supreme Court, is a "nondelegable responsibility."[59] And Mr. Crane does not identify what reasonable inquiry he made to assure that the borrowed caselaw was real. For these reasons, Mr. Crane violated Rule 11(b)(2) by filing the Opposition with the hallucinated cases.

---

[51] *Cooter & Gell*, 496 U.S. at 398.
[52] *Collins*, 916 F.3d at 1302.
[53] *Wadsworth*, 348 F.R.D. at 495 (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991)).
[54] *Id.*
[55] *Garner v. Kadince, Inc.*, 2025 UT App 80, ¶ 11, 571 P.3d 812 (quoting *Mata*, 678 F. Supp. 3d at 448) (internal quotation marks omitted); *see id.* ¶ 16 (sanctioning an attorney for using hallucinated cases in their briefing) (cleaned up).
[56] Opp'n 3.
[57] *See, e.g.*, *Adamson*, 855 F.2d at 673 ("The attorney must 'stop, look, and listen' before signing a document subject to Rule 11.") (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986)); *In re Kunstler*, 914 F.2d 505, 514 (4th Cir. 1990) (holding that an attorney's "reliance on others was indeed an improper delegation of his responsibility under Rule 11"); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 558 (9th Cir. 1986) ("An attorney who signs the pleading cannot simply delegate to forwarding co-counsel his duty of reasonable inquiry."), *overruled on other grounds by In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).
[58] *Garner*, 2025 UT App 80, ¶ 8.
[59] *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989).

### C. Motion for Leave to File Second Amended Complaint

Plaintiffs argue that Defendants' filing of their Motion for Leave to File Second Amended Complaint violated Rule 11 because it included claims Defendants knew were futile and because Defendants falsely claimed the motion was based on new facts.[60] In response, Defendants rely, yet again, on their mootness argument, which the court has considered and rejected.

To reiterate, Rule 11(b) prohibits filings "for any improper purpose" and "imposes an affirmative duty on an attorney to conduct a reasonable inquiry into the facts and the law before filing."[61] An attorney's conduct is evaluated "under a standard of objective reasonableness."[62]

Here, the court finds no basis that the motion for leave to amend was filed for an improper purpose or that it was objectively unreasonable for Defendants to do so. As mentioned earlier, it is not unusual for a party to seek leave to file an amended complaint, or counterclaim, after a motion to dismiss has been filed.[63] Moreover, Defendants were not precluded from raising claims the court had already dismissed because the court dismissed them without prejudice to "freely" grant leave to amend "when justice so requires."[64] Therefore, the court concludes that this pleading does not violate Rule 11.

---

[60] Mot. 2.
[61] *Wu*, 2021 WL 3549427, at *3–4 (cleaned up); Fed. R. Civ. P. 11(b)(2).
[62] *Collins*, 916 F.3d at 1320.
[63] *See, e.g.*, *Brokaw v. Salt Lake Cnty.*, No. 2:06-cv-729, 2007 WL 2221065, at *5 (D. Utah Aug. 1, 2007) ("Plaintiffs filed their Motion for Leave to File First Amended Complaint in response to Defendants' Motion to Dismiss.").
[64] Fed. R. Civ. P. 15(a).

### III. Sanctions

For the second step of the Rule 11(b) analysis, the court imposes sanctions.[65] "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[66] "An appropriate sanction should be the least severe sanction to adequately deter and punish."[67] A court may choose from a wide range of available sanctions: it may "issue an admonition, reprimand, or censure; require participation in seminars or other educational programs; order a fine payable to the court; etc."[68]

Plaintiffs suggest that monetary sanctions are needed here. The court disagrees. While the briefing of this issue has caused both Plaintiffs and the court to expend a certain amount of time, a significant portion of Plaintiffs' argument for sanctions is not well taken.[69] The hallucinated cases are the only basis for a Rule 11 violation; Plaintiffs' other arguments for Rule 11 sanctions consumed additional time and resources needlessly.

Mr. Crane reports that remedial steps have been taken that should prevent this issue from ever occurring again. Accordingly, the court concludes that an appropriate sanction would be for Mr. Crane to read all of the cases and authority cited in this opinion and then file a summary statement with the court certifying that he has done so within 30 days of this Order.

---

[65] *See Adamson*, 855 F.2d at 672.
[66] *White*, 908 F.2d at 683.
[67] *Wadsworth*, 348 F.R.D. at 497; Fed. R. Civ. P. 11(c)(2).
[68] *See Fazzio*, 2019 WL 3416289, at *7.
[69] *See supra* 6-7, 10-11.

## ORDER

Accordingly, Plaintiffs' motion for sanctions under Rule 11 is GRANTED in part and DENIED in part.[70]

Signed December 4, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[70] ECF No. 58.