UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAUL EVANS, LLC, a New York limited liability company; EVAN FRIPT, an individual; and DOES 105,<br><br>Defendants.<br><br><br>EVAN FRIPT, an individual; and PAUL EVANS, LLC, a New York limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company; GREGORY D. SEARE, an individual; KURT HANSON, an individual; and BOCM3-PAUL EVANS-SENIOR DEBT, LLC, a Utah limited liability company,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [71] DEFENDANTS' RULE 56(d) MOTION TO DEFER OR DENY MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:24-cv-00209-DBB<br><br>District Judge David Barlow |

Before the court is Defendants Paul Evans, LLC, ("Paul Evans") and Evan Fript's

("Mr. Fript") (collectively, "Counterclaimants") Rule 56(d) Motion to Defer or Deny Motion for

Summary Judgment ("Rule 56(d) Motion").[1] Black Oak Capital BOCA, LLC, a Utah limited liability company ("BOCA"), Gregory D. Seare ("Mr. Seare"), and bocm3-Paul Evans-Senior Debt, LLC ("Lender") (collectively "Movants") filed a Motion for Partial Summary Judgment ("Partial MSJ") on September 19, 2025.[2] Counterclaimants move for an order denying the Partial MSJ or, alternatively, an order staying briefing on it.[3] For the reasons below, the court denies Counterclaimants' motion.

**BACKGROUND[4]**

Counterclaimants sought and received leave of the court to file an Amended Answer and Counterclaim.[5] The court granted in part and denied in part Plaintiffs' Motion to Dismiss Counterclaim,[6] dismissing the claims for fraudulent inducement, civil conspiracy, and breach of contract as to the lending agreements.[7] The court dismissed the latter claim because it was filed after the statute of limitations, and it dismissed the fraudulent inducement and civil conspiracy claims as barred by the economic loss doctrine.[8]

Without leave of the court, Counterclaimants filed their Second Amended Counterclaim.[9] In response, Movants filed a Motion to Dismiss Second Amended Counterclaim, in which they pointed out Counterclaimants' failure to seek leave.[10] Counterclaimants then filed a Motion for

---

[1] Defs.' Rule 56(d) Mot. to Defer or Deny Mot. for Summ. J. ("Mot."), ECF No. 71, filed Oct. 17, 2025.
[2] Pls.' Mot. for Partial Summ. J. ("Partial MSJ"), ECF No. 67, filed Sept. 19, 2025.
[3] Mot. 1.
[4] A more complete recitation of this case's background is provided in Mem. Decision and Order Granting In Part and Denying in Part [32] Countercl. Defs.' Mot. to Dismiss ("MTD Order"), ECF No. 42, filed Mar. 25, 2025.
[5] *See* Docket Text Order, ECF No. 21, filed Sept. 5, 2024; Am. Answer, ECF No. 22, filed Sept. 5, 2024.
[6] Pls.' Mot. to Dismiss Countercl., ECF No. 32, filed Oct. 11, 2024.
[7] MTD Order 11.
[8] MTD Order 6, 8.
[9] Am. Countercl., ECF No. 43, filed Apr. 8, 2025.
[10] Pls.' Mot. to Dismiss Second Am. Countercl., ECF No. 44, filed Apr. 22, 2025.

Leave to File Second Amended Counterclaim,[11] Movants filed their motion in opposition,[12] and Counterclaimants filed their reply in support.[13]

Shortly afterwards, the court entered a docket text order, striking the improperly filed Second Amended Counterclaim but granting leave for Counterclaimants to re-file it, which they did.[14] The Second Amended Counterclaim asserted its surviving claims (breach of contract claims, unjust enrichment, and voidable transactions), added two new claims (civil RICO and promissory estoppel), and re-stated three claims the court previously dismissed (breach of the lending agreements, fraudulent inducement, and civil conspiracy).[15] In response, Movants filed their Partial MSJ.[16] Counterclaimants then filed this Rule 56(d) Motion, asking the court to deny or defer ruling on Movants' motion.

STANDARD

A court may grant summary judgment before discovery occurs in a case.[17] However, Rule 56(d) of the Federal Rules of Civil Procedure allows a court to defer or deny a motion for summary judgment, "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order" if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[18]

---

[11] Defs.' Mot. for Leave to File Second Am. Countercl., ECF No. 45, filed Apr. 23, 2025.
[12] Pls.' Opp'n to Mot. for Leave to File Second Am. Countercl., ECF No. 46, filed May 7, 2025.
[13] Defs.' Reply to Resp. to Mot. for Leave to File Second Am. Countercl., ECF No. 50, filed May 23, 2025.
[14] *See* Docket Text Order, ECF No. 53, entered Apr. 8, 2025; Second Am. Countercl. ("SAC"), ECF No. 64, filed Aug. 29, 2025.
[15] SAC 10–20.
[16] *See generally* Partial MSJ.
[17] *See Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021).
[18] Fed. R. Civ. P. 56(d).

"In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify in the affidavit (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[19] However, "if the information sought is either irrelevant to the summary judgment motion or merely cumulative," the court should deny the motion.[20]

Courts "expect Rule 56(d) motions to be robust."[21] Courts do not grant additional discovery under Rule 56(d) on speculation.[22] A Rule 56(d) affidavit must "'state with specificity' how discovery would yield 'probable facts' that would 'rebut the summary judgment motion.'"[23] Thus, "a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion."[24] And if the party filing the Rule 56(d) motion has been "dilatory in conducting discovery," relief is not warranted.[25]

## DISCUSSION

In the Partial MSJ, Movants request summary judgment on six of Counterclaimants' claims: the breach of contract claims regarding management of Paul Evans's assets and the

---

[19] *Adams*, 30 F.4th at 968 (10th Cir. 2021) (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotation marks omitted)).
[20] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-cv-02298, 2017 WL 1364839, at *6 (D. Kan. Apr. 13, 2017) (quoting *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993)).
[21] *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (quotations and alteration omitted).
[22] *See F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) ("Speculation cannot support a Rule 56(d) motion.").
[23] *Adams*, 30 F.4th at 969 (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).
[24] *Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (internal citations omitted).
[25] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2026).

lending agreements, as well as the RICO, promissory estoppel, fraudulent inducement, and civil conspiracy claims.[26]

In their Rule 56(d) Motion, Counterclaimants request that the court deny the Partial MSJ or stay briefing on the motion to allow more discovery.[27] By affidavit, Counterclaimants identify the following types of discovery they would like to conduct:

- Discovery into the cause and intentions of Seare and Black Oak in delaying the disbursement of the Second Disbursement, including communications between Seare, Hanson and potential unknown other insiders;

- Discovery into the cause and intentions of Seare and Black Oak in refusing the disbursement of the Third Disbursement at the agreed upon date per the security agreement, including communications between Seare, Hanson and potential unknown other insiders;

- Discovery into communications between the parties including representations that funds for the Third Disbursement and other additional investments could be found in 2018, 2019 and 2020 and other relevant facts leading to equitable tolling of relevant statutes of limitations.

- Discovery to obtain the December 17, 2017 memorandum in which Black Oak memorialized required operational changes to potential investors;

- Discovery to obtain the formal demand for payment sent by Fript and Paul Evans to Lender after the delay disbursement of the Second Disbursement;

- Discovery concerning the transfer of Paul Evans' assets to Seare, including communications between Seare, Hanson and potential unknown other insiders, as well as documentary evidence of the transfer;

- Discovery concerning how Black Oak has standing to bring this suit, when the Lender, bocm3-Paul Evans-Senior Debt, LLC, is the actual party to the Loan Agreement and Surrender Agreement.[28]

---

[26] Partial MSJ 2–3. *See id.* 3–4 (Movants do not seek summary judgment on unjust enrichment, breach of contract on contributions towards operations, and voidable transactions.).
[27] *See* Mot. 1.
[28] Decl. of Evan Fript ¶ 15, ECF No. 72, filed Oct. 17, 2025.

Counterclaimants have described a "wide-ranging" list of topics they wish to address through additional discovery, but they have "neither identified any *probable facts* not available, nor stated with specificity *how* the additional material will rebut the summary judgment motion."[29] Merely describing the discovery a party would like to conduct is not enough.

Ultimately, Movants' motion for summary judgment rests on the undisputed facts that the parties entered into a loan agreement and a voluntary surrender agreement.[30] Counterclaimants have asserted a variety of defenses and counterclaims to challenge the validity of the agreements, but Movants contend the statute of limitations and economic loss doctrine bar them.[31] Counterclaimants' Rule 56(d) affidavit does not specify how their requested discovery would rebut those legal shortcomings. At most, Counterclaimants argue that equitable estoppel should toll the statute of limitations and that "[d]iscovery is needed to establish the substance and timing of Black Oak, Seare and Hanson's continued promises and representations to Defendants that money to fund the remainder of the loan and much more was forthcoming."[32] This argument, however, falls short of the Rule 56(d) standard.

First, Counterclaimants have not established how facts they seek for equitable tolling purposes can rebut summary judgment. "Before a statute of limitations may be tolled under the equitable discovery rule, due to either exceptional circumstances or fraudulent concealment, 'the

---

[29] *Adams*, 30 F.4th at 969–70 (quoting *Trask*, 446 F.3d at 1042 (10th Cir. 2006) (emphases in original). *See also Gutierrez*, 841 F.3d at 908 (affirming district court's denial of a Rule 56(d) motion because, in part, the motion's request was "'wide ranging' and failed to focus on the critical issues for summary judgment").

[30] Partial MSJ 2; Defs.' Am. Answer & Counterclms. ¶¶ 22–24, ECF No. 23, filed Sept. 5, 2024.

[31] Mot. 2–4. *See also Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014) ("Civil RICO damages claims are subject to a four-year statute of limitations."); *State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1274 (Utah Ct. App. 1995) (acknowledging that a promissory estoppel claim is "governed by the four-year limitation period in Utah Code Ann. § 78-12-25(3) [now Utah Code Ann. § 78B-2-307]."); *see also Malan v. RKB Indus., Inc.*, 1:22-cv-00025, 2023 WL 3346394, at *1 (D. Utah May 10, 2023) (same).

[32] Mot. 13.

plaintiff must make an initial showing that he did not know nor should have reasonably known the acts underlying the cause of action in time to reasonably comply with the limitations period.'"[33] It is undisputed that Movants' failure to fund the third loan on August 30, 2018, represents Counterclaimants' alleged injury or the relevant cause of action.[34] Thus, the statute of limitations began to run from that date. Nonetheless, Counterclaimants assert it should be tolled because reliance on promises of more money from Movants after they allegedly failed to fund the third loan led Counterclaimants to "forego the rights and remedies available to them."[35] Yet Counterclaimants' allegations in their pleadings belie this claim.

In the SAC, they allege that "[a]fter not receiving the Third Loan, Fript and the company considered [Movants] in breach of their agreement and caused their attorney to send legal demands notifying them of the breach of contract."[36] Counterclaimants would not have taken legal action against what they termed a breach of contract had they been relying on promises of another loan. And none of Counterclaimants' pleadings mention they were relying on promises by the Movants after the alleged non-payment of the third loan. Thus, Counterclaimants cannot establish they "did not know nor should have reasonably known the acts underlying the cause of action in time to reasonably comply with the limitations period."[37] As a result, they cannot meet the Rule 56(d) standard and explain how discovery related to equitable tolling "would preclude summary judgment."[38]

---

[33] *Stephenson v. Elison*, 2017 UT App 149, ¶ 39, 405 P.3d 733.
[34] Mot. 12; Resp. to Defs.' Rule 56(d) Mot. to Defer or Deny Mot. for Summ. J. ("Resp.") 6, ECF No. 76, filed Nov. 5, 2025.
[35] Mot. 12–13.
[36] SAC ¶ 23.
[37] *Stephenson*, 2017 UT App 149, ¶ 39.
[38] *Adams*, 30 F.4th at 971 (quoting *Ellis*, 779 F.3d at 1206.

Second, even if the Counterclaimants had shown probable facts that could rebut summary judgment, they could not establish that the facts are "not available."[39] In other words, the information Counterclaimants seek for equitable estoppel is reasonably already in their possession. Although "the movant's *exclusive* control of desired information is a factor favoring relief under Rule 56(d), it is not sufficient on its own to justify that relief, especially when the other requirements of Rule 56(d) have not been met."[40] Here, Counterclaimants cannot argue that Movants have exclusive control over "continued promises and representations to Defendants," "communications between the parties," and "the formal demand for payment sent by Fript and Paul Evans to Lender after the delay disbursement of the Second Disbursement."[41] As a result, this factor weighs against Counterclaimants because they cannot argue that the "relevant facts are exclusively in the control of the opposing party." [42]

Furthermore, Counterclaimants have not explained why they did not obtain the desired information during discovery. Much of a Rule 56(d) analysis considers whether a movant has been diligent in discovery. [43] A party must show that the facts are "not available," that they cannot be "presented currently," that "steps have been taken" to obtain the facts, and that "additional time" will allow the movant to acquire the facts needed to rebut the motion for summary judgment.[44] A party that has been "dilatory in conducting discovery" cannot meet these elements and merit relief under Rule 56(d). Counterclaimants' declaration is insufficient in

---

[39] *Gutierrez*, 841 F.3d at 908.

[40] *Adams*, 30 F.4th at 968–69 (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000) (cleaned up)(emphasis supplied).

[41] Mot. 6, 13.

[42] *Adams*, 30 F.4th at 968 (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1985).

[43] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2026) (affirming the district court's denial of a discovery extension because the party had "been dilatory in conducting discovery").

[44] *Adams*, 30 F.4th at 968 (quoting *Gutierrez*, 841 F.3d at 908 (emphases added)).

showing why the facts cannot be "presented currently."[45] Counterclaimants justify their need for more discovery in large part due to the fact they obtained new counsel and added a new party as a defendant.[46] However, these arguments fail because they overlook the facts that these events occurred within the original discovery period, that the party added as a defendant has been a party in this case since September 2024, and that Counterclaimants seek information already in their possession.[47]

In sum, Counterclaimants have not met Rule 56(d)'s standard to specify "any probable facts not available" that would "rebut the summary judgment motion."[48]

## ORDER

Accordingly, Counterclaimants' Rule 56(d) motion to defer or deny motion for summary judgment is DENIED.[49]

Signed March 18, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[45] *Gutierrez*, 841 F.3d at 908.
[46] Mot. 3.
[47] Mot. 3–4; ECF Nos. 23, 25, 33–34.
[48] *Adams*, 30 F.4th at 969 (quoting *Trask*, 446 F.3d at 1042) (cleaned up)).
[49] ECF No. 71.