UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAUL EVANS, LLC, a New York limited liability company; EVAN FRIPT, an individual; and DOES 105,<br><br>Defendants.<br><br>EVAN FRIPT, an individual; and PAUL EVANS, LLC, a New York limited liability company,<br><br>Counterclaimants,<br><br>v.<br><br>BLACK OAK CAPITAL BOCA, LLC, a Utah limited liability company; GREGORY D. SEARE, an individual; KURT HANSON, an individual; and BOCM3-PAUL EVANS-SENIOR DEBT, LLC, a Utah limited liability company,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [101] COUNTERCLAIMANTS' MOTION TO STRIKE BLACK OAK'S COMPLAINT, STRIKE PLEADINGS, ENTER DEFAULT, AND ENTER DEFAULT JUDGMENT AS A SANCTION AGAISNT BLACK OAK CAPITAL BOCA, LLC AND bocm3-PAUL EVANS-SENIOR DEBTS, LLC**<br><br>Case No. 2:24-cv-00209-DBB-DBP<br><br>District Judge David Barlow |

This matter is before the court on Counterclaimants Evan Fript ("Mr. Fript") and Paul Evans, LLC's ("Paul Evans") (collectively, "Counterclaimants") Motion to Strike Black Oak's Complaint, Strike Pleadings, Enter Default, and Enter Default Judgment as a Sanction Against

Black Oak Capital Boca, LLC, ("Black Oak") and bocm3-Paul Evans-Senior Debt, LLC ("Lender") (collectively, "Entities").[1] Black Oak, Lender, Gregory D. Seare ("Mr. Seare"), and Kurt Hanson ("Mr. Hanson") did not file a response to the Motion. For the reasons below, the court grants in part and denies in part Counterclaimants' motion.

## BACKGROUND[2]

This dispute arises from a credit agreement between Lender and Paul Evans, an online footwear seller.[3] Mr. Fript was a member and manager of Paul Evans.[4] Lender is owned by Black Oak, a private equity firm operated by Mr. Seare and Mr. Hanson.[5] Black Oak brought claims against Paul Evans, Mr. Fript, and five unnamed Doe defendants on March 19, 2024, alleging they had breached the terms of their loan agreement among other claims.[6] Defendants filed a counterclaim.[7] The operative Second Amended Counterclaim pleads affirmative claims against Black Oak, Lender, Mr. Seare, and Mr. Hanson.[8] The nine claims are: (1) violations of the Racketeer Influence and Corrupt Organizations ("RICO") Act, (2) unjust enrichment, (3) fraudulent inducement, (4) voidable transactions, and (5) civil conspiracy against all Counterclaim Defendants; (6) breach of contract (management assets), (7) breach of contract (contributions), and (8) promissory estoppel against Mr. Seare and Entities; and (9) breach of

---

[1] Counterclaimants' Mot. to Strike Black Oak's Compl., Strike Pleadings, Enter Default, etc. ("Mot. for Sanctions"), ECF No. 101, filed July 14, 2026.
[2] A more complete recitation of this case's background is provided in Mem. Decision and Order Granting In Part and Denying in Part [32] Countercl. Defs.' Mot. to Dismiss ("MTD Order"), ECF No. 42, filed Mar. 25, 2025.
[3] Defendants' Amended Answer and Counterclaims ("Countercl.") ¶¶ 9–11, ECF No. 23, filed Nov. 5, 2024.
[4] *Id.* ¶ 9.
[5] *Id.* ¶¶ 11–12.
[6] Compl., ECF No. 1, filed Mar. 19, 2024.
[7] Countercl.
[8] Second Am. Countercl. ("SAC"), ECF No. 64, filed Aug. 29, 2025.

contract (lending agreement) against Lender.[9] Counterclaimants seek damages "expected to exceed $500,000," as well as prejudgment and post-judgment interest, and injunctive relief.[10]

On May 22, 2026, the court granted a motion to withdraw from counsel for Black Oak, Lender, and Mr. Seare.[11] In its motion to withdraw, then-counsel asserted good cause for withdrawal based on "an irreconcilable breakdown in the attorney-client relationship" and that a "conflict has arisen that renders continued representation impossible."[12] The court stayed the action for twenty-one days for Entities to obtain new counsel.[13] Under DUCivR 83-1.3(c)(2), a corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted to practice before this court. The court ordered Entities to file a Notice of Appearance for new counsel by the end of the stay and noted that failure to comply may result in dismissal or default judgment.[14]

On July 7, 2026, the court entered an Order to Show Cause after the deadline passed with no new counsel having appeared.[15] The court ordered Entities to show cause why the case should not be dismissed for failure to prosecute or comply with court orders, giving them seven days to enter new counsel's appearance.[16] When it became apparent that Entities did not receive notice of the Order to Show Cause, the court extended the deadline for new counsel's appearance by

[9] *See id.*
[10] *See id.*; Mot. for Sanctions 3.
[11] Order on Mot. to Withdraw as Counsel, ECF No. 97, filed May 22, 2026.
[12] Mot. to Withdraw as Counsel, ECF No. 95, filed May 22, 2026.
[13] Order on Mot. to Withdraw as Counsel 2.
[14] *Id.*
[15] Order to Show Cause, ECF No. 100, filed July 7, 2026.
[16] *Id.*

seven days.[17] The court warned that failure to comply with the July 22, 2026 deadline would result in dismissal of the Complaint.[18]

On July 31, 2026, the court entered a Docket Text Order recognizing that Entities had not appeared with new counsel and therefore did not comply with the court's Order to Show Cause.[19] Because of that failure to comply with court orders and for failure to prosecute, the court dismissed Black Oak's Complaint.[20]

Between the court's July 7th and July 31st orders, Counterclaimants filed this Motion against Black Oak and Lender.[21] Counterclaimants do not, however, move against the remaining Counterclaim Defendants—Mr. Seare and Mr. Hanson.[22] Counterclaimants move the court to:

- strike and dismiss Black Oak's Complaint and affirmative claims;
- strike Black Oak's and Lender's pleadings, defenses, and responsive litigation positions as to the Second Amended Counterclaim;
- enter default and default judgment against Black Oak and Lender on the Second Amended Counterclaim as a sanction;
- award Mr. Fript the principal amount of $1,281,680.02, plus $684.93 per day after July 7, 2026 until judgment, jointly and severally against Black Oak and Lender;

---

[17] Docket Text Order, ECF No. 103, filed July 15, 2026.
[18] *Id.* The clerk's office confirmed that Plaintiffs received notice of ECF Nos. 100 & 103. *See* ECF No. 104.
[19] Docket Text Order ("July 31 DTO"), ECF No. 105, filed July 31, 2026.
[20] *Id.*
[21] In its July 31, 2026, Docket Text Order, the court noted that the Entities' time to respond to this Motion had passed and ordered them to seek leave to file an overdue response within ten days or else the court would consider the motion unopposed. ECF No. 105. Entities did not seek leave to file such a response.
[22] As Counterclaimants recognize, this motion does not resolve the dueling summary judgment motions pending before this court that involve at least one of the two other Counterclaim Defendants. *See* Mot. for Sanctions 2.

- determine Counterclaimants' entitlement to reasonable attorneys' fees and nontaxable expenses, with the amount to be established by declaration or subsequent fee submission;
- reserve interest, fees, costs, trebling, punitive damages, asset-value damages, and equitable relief for later submission.[23]

**STANDARD**

An "artificial entity" cannot proceed pro-se and "must be represented by an attorney."[24] As a result, when the court grants a motion to withdraw as counsel for such artificial entities, "[a]n unrepresented party who fails to appear within 21 days after entry of the order, or within the time the court requires, may be sanctioned under Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal."[25] Rule 16(f) provides that "[o]n motion or its own, the court may issue any *just orders*, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a[n] . . . order."[26] Those "just orders" authorized by Rule 37 include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."[27]

To determine whether entry of a default judgment is proper, courts in the Tenth Circuit consider the factors set forth in *Ehrenhaus v. Reynolds*.[28] The relevant factors are "(1) the degree

[23] *Id.* at 9.
[24] DUCivR 83-1.3(c)(2).
[25] *Id.* R. 83-1.4(d).
[26] Fed. R. Civ. P. 16(f)(1)(C) (emphasis added).
[27] *Id.* R. 37(b)(2)(A)(iii), (vi). At least one court in this district has determined that such "just orders" include striking a defendant's opposition to a motion for summary judgment and subsequently granting that motion against the defendant. *See BMO Harris Bank NA v. KND Trucking*, No. 2:18-cv-624, 2021 WL 535500, at *1 (D. Utah Feb. 12, 2021).
[28] *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[29] Relevant here, a "[d]ecision to enter judgment by default [is] committed to the district court's sound discretion."[30]

## DISCUSSION

First, Counterclaimants move the court to strike Black Oak's Complaint and affirmative claims.[31] But the court has already done so.[32] Because the court has already dismissed Black Oak's Complaint for failure to prosecute and comply with court orders, the court denies this request as moot.

Second, Counterclaimants move the court to strike Black Oak and Lender's "pleadings, defenses, and responsive litigation positions" as to the Second Amended Counterclaim.[33] The court grants this requested relief and strikes any pleadings, defenses, and responsive litigation positions against the operative counterclaim as a sanction for Entities' failure to comply with the court's order to appear with new counsel. Because Entities did not answer the Second Amended Counterclaim and only filed a Partial Motion for Summary Judgment in response to it, the court

[29] *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745–46 (10th Cir. 2018) (unpublished) (quoting *Ehrenhaus*, 965 F.2d at 921) (internal quotation marks omitted).
[30] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation modified).
[31] Mot. for Sanctions 4–5.
[32] July 31 DTO.
[33] Mot. for Sanctions 5.

strikes the Partial Motion for Summary Judgment[34] and Reply[35] as to Black Oak and Lender. The Partial Motion for Summary Judgment remains as to Mr. Searle.[36]

Third, Counterclaimants move the court to enter default and default judgment against Black Oak and Lender "jointly and severally." [37]

Here, the *Ehrenhaus* factors weigh in favor of default judgment. First, Counterclaimants are prejudiced by the state of limbo caused by Entities' failure to obtain counsel. The Entities cannot defend, participate in scheduling, or respond to motions when they are unrepresented. Second, this inability of Entities to litigate hampers the judicial process by placing it at a standstill—one that has now lasted approximately five months. Third, both Black Oak and Lender are culpable for their failure to obtain new counsel and comply with court orders. [38] Fourth, the court repeatedly warned Entities of the need to obtain new counsel, as well as the potential consequences for failing to do so. And fifth, a lesser sanction would not change Entities' unrepresented status. Another warning or extension would likely lead to the same result given the Entities' multiple failures to respond.

Nevertheless, courts in this circuit generally do not enter default judgment where defaulting and non-defaulting defendants are similarly situated. Following the Supreme Court's decision in *Frow v. De La Vega*,[39] the Tenth Circuit has held that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against

[34] Motion for Partial Summary Judgment, ECF No. 67, filed Sept. 19, 2025.
[35] Reply in Support of Plaintiffs' Motion for Partial Summary Judgment, ECF No. 92, filed Apr. 17, 2026.
[36] Mr. Hanson has not filed a responsive pleading to the Second Amended Counterclaim.
[37] Mot. for Sanctions 8.
[38] *See, e.g.*, *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (stating that a party's "inability to secure a lawyer" can sometimes be that party's own fault); *Derma Pen, LLC*, 736 F. App'x at 746 (affirming default judgment sanction for party's failure to hire counsel).
[39] *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."[40] And "just as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."[41] "[C]ourts in this circuit have extended [this] reasoning to contract claims."[42] Similarly, beyond joint liability, "a court should refrain from entering default judgment 'in situations where multiple defendants have closely related defenses.'"[43] Taken together, "the court should generally wait to enter default [judgment] until after the merits ha[ve] been adjudicated if the defendants are jointly and severally liable, have closely related defenses, or are otherwise similarly situated."[44]

Therefore, even though the *Ehrenhaus* factors would support the court's decision to exercise its discretion and enter default judgment as a sanction, the court declines to do so at this time. The Second Amended Counterclaim brings all but one of its claims against Entities together with Mr. Seare, which include RICO and conspiracy claims.[45] These overlapping claims against Entities and Mr. Seare appear to arise out of similar factual allegations.[46] And although the counterclaim "does not specifically state whether joint liability is alleged[,] . . . there appears

---

[40] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (citation modified).
[41] *Id.* at 148.
[42] *Rsrv. Indus. Corp. v. Roll Em Up Franchise Group*, LLC, No. 24-1074 GBW/JMR, 2026 WL 2070962, at *4 (D.N.M. July 17, 2026) (collecting cases).
[43] *Ammerman v. Fisher*, No. 2:24-cv-00790, 2026 WL 622211, at *2 (D. Utah Mar. 5, 2026) (quoting *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996) (unpublished table opinion)). In cases with multiple defendants and closely related defenses, the reasoning's applicability does not necessarily "hinge[] on whether the defendants are jointly and severally liable." *Wilcox*, 1996 WL 48857, at *3.
[44] *Blendtec Inc. v. BlendJet Inc.*, No. 2:25-cv-00096-RJS-DBP, 2026 WL 733676, at *7 (D. Utah Mar. 16, 2026).
[45] *See* SAC. Mr. Hanson is also included in several of these claims.
[46] For example, one allegation in the Second Amended Counterclaim states the following; "Black Oak, Seare, Hanson and Lender, individually and collectively, engaged in a pattern of racketeering activity, including but not limited to wire fraud . . . mail fraud . . . and fraudulent inducement, by luring Counterclaimants into a loan agreement they never intended to fully fund per the timeline agreed in the security agreement." SAC ¶ 52.

to be considerable overlap in the alleged actions and liabilities" of Entities and Mr. Seare, so entering default judgment "at this juncture would *risk* inconsistent verdicts" between them.[47] The court similarly has concerns of closely related defenses between Entities and Mr. Seare that may overlap and further exacerbate the risk of inconsistency between the parties Counterclaimants seek default judgment against and those they do not. Therefore, because the counterclaims appear to arise out of intertwined factual allegations against similarly situated defendants that may involve closely related defenses,[48] the court denies Counterclaimants' motion for default judgment, without prejudice, until the claims against Mr. Seare and Mr. Hanson are resolved or they also qualify for default judgment.

Further, even if there were no reason to delay default judgment, the court would deny the requested relief because Counterclaimants have not properly supported the damages and fees they seek. Counterclaimants request damages and fees or, alternatively, a "short Rule 55(b)(2) prove-up."[49] With respect to damages, "the court does not accept as true allegations about the amount of damages."[50] Instead, the "[p]laintiff must establish that the amount requested is reasonable under the circumstances."[51] "The court may award damages only if the record

---

[47] *See Rsrv. Indus. Corp.*, 2026 WL 2070962, at *5 (emphasis added).
[48] *See, e.g.*, *Blendtec Inc.*, 2026 WL 733676, at *7 ("Because the claims against [non-defaulting defendant] and the claims against [defaulting defendant] arise out of many of the same factual allegations and will involve closely related defenses, the court declines to enter default [judgment] . . . at this time."); *Ammerman v. Fisher*, No. 2:24-cv-00790, 2026 WL 814072, at *2–4 (D. Utah Jan. 20, 2026) (denying motion for default judgment without prejudice because of the risk of inconsistent judgments and damages awards on, among others, RICO and conspiracy claims against defaulting and non-defaulting defendants), *report and recommendation adopted*, 2026 WL 622211 (Mar. 5, 2026); *Laycock v. Vigil-Richards*, No. 1:23-cv-01050, 2026 WL 2491492, at *2 (D.N.M. Aug. 15, 2026) (delaying a damages hearing under Rule 55(b), in a motion for default judgment sanctions, because of motions for summary judgment pending before the court related to non-defaulting defendants' liability that implicated defenses related to the defaulting defendant).
[49] Mot. for Sanctions 6–8 (citing Fed. R. Civ. P. 55(b)(2); *Derma Pen, LLC*, 736 F. App'x at 745–48; *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986)).
[50] *Caterpillar Fin. Servs. Corp. v. Feely's Serv., LLC*, No. 19-2533, 2020 WL 584439, at *3 (D. Kan. Feb. 6, 2020).
[51] *Id.* (citation modified).

adequately reflects the basis for the award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[52]

Counterclaimants argue that their request for damages and fees is supported by their Second Amended Counterclaim.[53] They also reference "a supporting declaration and schedule" as a basis for their damages calculation,[54] even though no such declaration and schedule was filed with the court. This is an insufficient showing.

Finally, the court also denies the motion for entry of default because doing so is unnecessary on a motion to enter default judgment as a sanction.[55] If the court decides to enter default judgment on a future motion, it may do so "without the clerk entering a certificate of default."[56]

**ORDER**

Accordingly, Counterclaimants' Motion to Strike Black Oak's Complaint, Strike Pleadings, Enter Default, and Enter Default Judgment as a Sanction Against Black Oak and Lender[57] is HEREBY GRANTED IN PART AND DENIED IN PART.

1. The Motion to Strike Black Oak's Complaint is DENIED as moot.
2. The Motion to Strike Black Oak and Lender's pleadings as a sanction is GRANTED.

---

[52] *Id.* (citation modified).
[53] Mot. for Sanctions 7.
[54] *Id.*
[55] DUCivR 55-1(c)(2)(C) ("A court may enter default judgment as a sanction without the clerk entering a certificate of default."). The court also does not conduct a jurisdictional inquiry at this juncture because of its decision to deny the motion for default judgment against Entities. *Cf. Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").
[56] DUCivR 55-1(c)(2)(C).
[57] ECF No. 101.

a. The court STRIKES Black Oak and Lender's pleadings, defenses, and responsive litigation positions, which include its Partial Motion for Summary Judgment[58] and Reply[59] in support.

3. The Motion to Enter Default Judgment Against Black Oak and Lender is DENIED without prejudice.

4. The Motion to Enter Default Against Black Oak and Lender is DENIED without prejudice.

Signed October 20, 2026.

BY THE COURT

David Barlow
United States District Judge

[58] ECF No. 67.
[59] ECF No. 92.